UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JAMIE S. ROARK** | **CASE NO. 3:18-CV-0736** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ANDREW SAUL, COMMISSIONER, U.S. SOCIAL SECURITY ADMINISTRATION** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Attorney Fees [doc. # 24] filed by plaintiff Jamie S. Roark pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412. The Commissioner does not contest the fee request in principle, but interposes two objections: 1) the requested number of hours are excessive and/or unjustified under the EAJA; and 2) plaintiff's costs/expenses for photocopying and PACER access are not necessary or reasonable. (Def. Response [doc. # 26]). As further explained below, it is recommended that the motion be GRANTED IN PART, and that the Commissioner be ordered to pay attorney's fees in the amount of $7,735.00 (44.2 hours at $175.00 per hour) plus court costs of $411.20 ($400 filing fee and $11.20 copying charges) together with postal expenses of $22.23.

### Analysis

**I.      The EAJA**

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to

the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).[1] The Commissioner does not contest that plaintiff is entitled to recover fees, and therefore does not contest that plaintiff is the prevailing party.

## II. Hourly Rate

The EAJA provides in relevant part that the amount of fees awarded:

shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . **attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee**.

28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added). The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). When a given locale has experienced a significant change in the cost of living, the court should increase the hourly rate beyond the nominal statutory cap. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Id*.

In *Montgomery v. Colvin*, this court weighed cost of living increases since 1994 against prevailing market conditions and the healthy community of social security practitioners in this area, before settling upon an EAJA hourly rate of $175 for attorney work performed in 2014 and beyond. *See Montgomery v. Colvin*, Civ. Action No. 14-3120 (W. D. La. Aug. 16, 2016)

---

[1] On August 8, 2019, the District Court entered judgment reversing and remanding this case to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Judgment [doc. # 23]).

(Superseding Report and Recommendation [doc. # 30]). In accordance with the findings and analysis set forth in *Montgomery v. Colvin*, the court will award fees in this case at an hourly rate of $175.

## III. Hours Reasonably Expended

As the fee applicant, plaintiff bears the burden of demonstrating the reasonableness of the number of hours expended on the claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir.1990). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)). Furthermore, the district court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id*.

As is his practice, plaintiff's local counsel, Mr. Alex Rankin, enlisted the services of out-of-state counsel, Ms. Sarah Bohr, to brief the matter before this court. Pursuant to this retainer, Ms. Bohr expended 35.0 hours to research and draft the initial and reply briefs, plus the EAJA petition. *See* Schedule of Hours; EAJA Fee Petition. In addition, local counsel claimed 9.1 hours spent on myriad administrative, clerical, review, and client liaison issues associated with this case. *See* Detail Transaction File List; EAJA Fee Petition.

The Commissioner, objects to the following time entries by Mr. Rankin that he contends reflect either clerical tasks or requests for extensions of time that benefit counsel and are not properly billable to the client:

- June 24, 2018     See 2 certified green cards and prepare notice of service, etc.
- August 12, 2018     See file and write appeal status letter to client
- October 8, 2018     See file and see Bohr's email; respond; regarding brief and extension needed; work on request for 30 day extension
- October 27, 2018     Prepare motion for extension of time to file our brief on October

3

         15th; see Judge Hayes' signed order on 17th; see Bohr's emails earlier

- November 29, 2018  See file and write client regarding appeal status

- December 14, 2018  See and review our initial brief; wrote client and send copy

- February 25, 2019  See SSA's brief and see file; write client

- March 12, 2019  See file and prepare motion for extension of time to file our reply brief

- March 25, 2019  See our reply brief and see file

- June 16, 2019  See file briefs, etc., regarding status

*See* Def. Opp. Brief, pg. 5 and Pl. Detail Transaction File List.

The Commissioner asserts that the sum of these contested items is 4.3 hours of claimed attorney time. By the court's calculation, however, these ten items total but 4.0 hours.

  The Supreme Court has held that purely clerical tasks may not be properly billed at an attorney rate, regardless of who performs them. *Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463, n10 (1989). Moreover, the Fifth Circuit has recognized that clerical duties are an overhead expense that should not to be recompensed as an attorney's fee award. *Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325-326 (5th Cir. 1980).

  Plaintiff argues that the June 24, 2018, entry regarding service returns requires legal expertise to ensure proper service. However, given the number of social security appeals that counsel has filed with this court, he, by now, should have trained competent staff to handle the clerical function of properly serving the complaint and summonses via certified mail. The court will not allow recovery for this ministerial task.

  The court also will not allow recovery for the October 8 and 27, 2018, plus the March 12, 2019, entries regarding extensions of time to file briefs. As this court has noted on prior

occasions, Ms. Bohr, via Mr. Rankin, routinely obtains leave of court to file briefs that exceed the specified page maximums. Moreover, a considerable portion of counsel's initial brief in this, and in other appeals, consists of a recitation of the entire medical record and hearing testimony that the court is quite capable of, and, in fact, does on its own. In other words, a considerable amount of time claimed for work on the brief does not materially advance the case. Therefore, an extension of time to file a lengthy, unhelpful brief does not benefit the client, and nor should it be compensated.

The court finds that the remainder of the contested items for reviewing the memoranda and communicating with the client are compensable. However, the court will reduce the requested time by one-half because there is no indication that Mr. Rankin personally edited or participated in the drafting of the briefs. Rather, a portion of this time undoubtedly reflects the cost of dual, overlapping representation stemming from Mr. Rankin's practice of enlisting the assistance of out-of-state counsel.

Plaintiff argues that in *Miles v. Astrue*, this court allowed recovery for many of the same items contested by the Commissioner here. *See Miles v. Astrue*, No. 10-1628, 2012 WL 2930419, at *3 (W.D. La. June 14, 2012), R&R adopted, 2012 WL 2930873 (W.D. La. July 18, 2012). While plaintiff's characterization of this court's decision in *Miles* is correct, plaintiff neglects to mention that the attorney in *Miles* claimed a total sum of only **12.06 hours** for successfully prosecuting the case. *Id.* In *Miles*, the court emphasized that "counsel works much more expeditiously than other social security practitioners, and does not waste time with a recitation of the medical record or advance arguments unlikely to prevail." *Miles supra* (footnote omitted). In fact, the outcome in *Miles* was expressly premised on the "overall modest claim for fees." *Id.* Needless to say, that circumstance is acutely absent here.

Accordingly, the court will reduce the number of claimed hours by 2.9 (1.8 for disallowed items, plus 1.1 for one-half of the remaining items). Paradoxically, however, the court is compelled to award plaintiff three hours of time claimed for time spent since the filing of the initial EAJA fee petition. *See* Pl. Reply Brief, pg. 5; *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 166; 110 S.Ct. 2316, 2323 (1990) ("Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute"). As a result, this produces a net gain to plaintiff of .1 hours of time to that requested initially.

**IV.    Costs and Expenses**

Taxation of costs under 28 U.S.C. § 1920 is authorized by the EAJA, 28 U.S.C. § 2412(a). Costs include the filing fee and fees for printing and copies. 28 U.S.C. § 1920(a)(1). Litigation expenses are compensable under the EAJA provided they are reasonable and necessary. *Jean v. Nelson,* 863 F.2d 759, 778 (11th Cir. 1988).

Here, plaintiff seeks to recover the $400.00 filing fee, $16.80 in photocopying costs, $22.23 in postage for service by certified mail, and $5.10 in PACER charges. The Commissioner objects to the copying costs because plaintiff did not establish the reasonableness of the costs by setting forth the number of pages copied and the cost per page. In his reply brief, plaintiff stated that the copying charges were related to 56 pages of documents. This results in a per page charge of .30. In *Haile v. Holder*, the Seventh Circuit found that .25 per page for printing/copying was unacceptable and reduced the charge to .10 per page. *Haile v. Holder*, 384 Fed. Appx. 501, 504 (7th Cir.2010). The undersigned agrees that .30 per page is excessive, and will reduce it to .20 per page, which produces an award of $11.20 for photocopying costs.

In addition, the Commissioner contests the PACER access charges because plaintiff failed to show why it was necessary to incur PACER charges in connection with counsel's

6

representation. However, plaintiff's counsel represented that he incurred this nominal charge in prosecuting this matter. The court accepts counsel's representation.

## V.     Check Payable to Plaintiff

Plaintiff's counsel contends that payment of fees should be made directly to counsel – provided plaintiff does not owe a federal debt. However, the court has considered and rejected this argument previously. *See McLeland v. Astrue*, Civ. Action No. 09-0219 (W.D. La. 2010) [doc. #s 44-5] (James, J.). The same result is compelled here.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that plaintiff's Petition for Attorney Fees [doc. # 24] be GRANTED IN PART, and that the Commissioner be ordered to remit to plaintiff's counsel a check made payable to plaintiff Jamie S. Roark for attorney fees in the amount of $7,735.00 (44.2 hours at $175.00 per hour) plus court costs of $411.20 ($400 filing fee and $11.20 copying charges), together with postal expenses of $22.23.

IT IS FURTHER RECOMMENDED that the motion [doc. # 24] otherwise be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 11th day of December 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE